THE STATE EX REL. TABIATHA PALMER V. L. D. THOMPSON, State Auditor.—297 S. W. 62.

Court en Banc, July 25, 1927.

1. **PENSIONS FOR BLIND: Legislative Matter.**  The entire matter of providing pensions for the deserving blind was granted to the General Assembly by the amendment to Section 47 of Article IV of the Constitution, declaring that said section should not be construed as prohibiting the General Assembly from granting or authorizing the granting of pensions to the deserving blind, as may be provided and regulated by law.

2. ————: **Striking Name from Roll: Inmate of County Infirmary.**  Under the Act of 1923 (Sec. 1, Laws 1923, p. 304) a blind person who is being maintained at a publicly supported institution is automatically deprived of her right to receive a pension; and the act makes no exception in favor

of a blind person who was compelled to become an inmate of a county infirmary because of the failure of the State to pay her the twenty-five dollars per month to which she was entitled as a blind pensioner, and the court can make none.

---

Corpus Juris-Cyc. References: Constitutional Law, 12 C. J., Section 387, p. 885, n. 9. Paupers, 30 Cyc., p. 1146, n. 38.

Mandamus.

PEREMPTORY WRIT DENIED.

*George S. Starrett* for relator.

(1) Relator, an aged, blind woman, without friends, without means, and without the blessings of a home, through the liberality of the people of Missouri, was awarded a blind pension. Accordingly her name was placed on the blind pension roll and she received the small sum given her by reason of the Blind Pension Law. Laws 1921, p. 554; Laws 1923, p. 302. Owing to the default on the part of the State, the failure to collect taxes or to obtain revenue in proper time, the State Auditor was behind with the payments due this old lady. Having no place to go and no friends to care for her, the county court very properly placed her in the county infirmary. This was an act of necessity as well as an act of mercy, and it is insisted that she should not be deprived of the blind pension because of default on the part of the State, nor because of the act, the kind act, of the Boone County Court. (2) The law does not contemplate doing of an impossibility. It was clearly the intention of the lawmakers to prohibit the granting of a pension to one who was already in a charitable institution or to one who voluntarily went to a charitable institution, and in that way would receive double compensation. But for one to be compelled to go to a charitable institution, owing to the default of the State in the payment of the money due her, it is earnestly insisted, does not deprive this poor old woman, and should not deprive her, of the right to the monthly sum given her by the blind pension.

*North T. Gentry*, Attorney-General, for respondent.

(1) The State of Missouri, through its statutory law, had the right to say, and it has said, upon what terms a person shall receive a blind pension. That law provides, and wisely too, that no person shall receive such pension if such person has property, is a public

beggar, or the inmate of a public charitable institution. The argument of counsel could well be addressed to the lawmaking body, asking that the statute on the subject of blind pensions be modified; but the court must take the law as written. In plain terms, the law provides that no one shall receive the benefits of such blind pension, who is an inmate of a public charitable institution. Laws 1921, p. 554; Laws 1923, p. 303. There is a reason for this provision in the statute. The lawmakers desired to provide for the worthy blind who were not provided for. So, when a blind person enters a public charity house, no matter for what reason, that person is receiving aid at the hands of the taxpayers of the State, and should not receive additional aid in the form of a blind pension. (2) The action of the State Blind Commission in ordering the State Auditor to strike her name from the blind pension roll, and the action of the State Auditor in so striking her name from said roll, were in accordance with our law.

BLAIR, J.—This is an original proceeding by mandamus against the State Auditor to compel him to issue warrants of the State of Missouri to relator at the rate of twenty-five dollars per month since June, 1925, to which relator claims to be entitled as a blind pensioner, under the Laws of 1923, pages 302 to 307, inclusive. Our alternative writ issued. Respondent entered his appearance, waived service of such writ and filed his return. Relator has filed her answer to such return. By stipulation of the parties, the cause was submitted on briefs without oral argument.

The facts are admitted. Relator is and for many years has been blind and a resident of Boone County. She was entitled to and did receive a pension under the Laws of 1921, pages 554 to 557, inclusive. It is not directly stipulated, but we assume, that, under the provisions of Section 13, Laws of 1923, page 307, relator continued to receive such pension under the 1923 Act.

It is alleged in the relator's answer, and not denied by respondent, that the State "neglected and failed to send her the money due her on such blind pension for a long time prior to June, 1925; that, having no money and no friends and no home, she was sent by the County Court of Boone County to the county infirmary, the same being a public almshouse, and is still living there and being cared for at public expense; that, on learning that she was an inmate of the county infirmary aforesaid, the respondent declined and refused to pay her the blind pension due her and declined and refused to issue a state warrant in payment therefor."

In June, 1925, and because of an order received from the State Blind Commission, respondent struck the name of relator from the blind pension rolls of the State of Missouri, and thereafter declined

and still declines and refuses to recognize her as one of the blind pensioners of the State.

At the general election held November 7, 1916, Article IV, Section 47, of our Constitution, which forbids the lending of public credit or the granting of public money in aid of any individual, was amended by a provision that said section should not be construed as prohibiting the General Assembly from granting or authorizing the granting of pensions to the deserving blind, as may be provided and regulated by law. The entire matter of pensions for the deserving blind was thereby left to the General Assembly.

Relator was admitted to the pension rolls under the Act of 1921, which provided for striking the names of pensioners from the pension rolls. That act was repealed by the 1923 Act and we must look to the later act for whatever authority respondent had for striking off relator's name.

Section 4 of that act (Laws 1923, p. 304) provides that "whenever it shall become known to the commission that any person whose name is on the blind pension roll is no longer qualified to receive a pension, after reasonable notice mailed to such person at his or her last known residence address, such fact shall be certified to the State Auditor and the name of such person shall be stricken from the blind pension roll."

Section 1 of the same act provides "that blind persons who are maintained in either public, private, or endowed institutions, or by private persons who would otherwise be entitled to a pension under this act, shall not be entitled to the benefits of this act."

Under the 1923 Act, the fact that relator is and was being maintained in a publicly supported institution automatically deprived her of the right to receive a pension. The commission certified that fact to the Auditor. It thereupon became the duty of the respondent, as such Auditor, to strike the name of relator from the blind pension rolls.

It is regrettable that relator was compelled to become an inmate of a publicly supported institution because of the failure of the State to pay her the twenty-five dollars a month to which she was entitled as a blind pensioner. Regardless of the State's failure to pay relator's pension to her or the cause of such failure and regardless of the ensuing necessity for her maintenance in a publicly supported institution, the Legislature has provided for no exceptions to the provision that blind persons, maintained in public institutions, shall not be entitled to a pension and that a pensioner, who becomes disqualified by being so maintained, shall be stricken off the rolls, when that fact is certified by the blind commission to the State Auditor. Respondent simply did his unpleasant duty under the law when

he struck the name of relator from the blind pension rolls under the circumstances.

This situation is one which should appeal to the legislative department of our State government, with a view to amending the law. The courts have no power to make exceptions to the act where the Legislature has provided none. It therefore becomes our equally unpleasant duty to deny issuance of our peremptory writ and to quash the alternative writ heretofore issued.

All concur; *Walker, C. J.,* in the result; *White, J.,* absent.